Robert M. Crowley (WSBA #37953)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
crowley.robert@dorsey.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

SHUMATE SPOKANE, LLC,

Debtor.

CASE NO. 09-05081(FLK)

**MOTION OF CREDITOR PORSCHE FINANCIAL SERVICES, INC. FOR ENTRY OF AN ORDER TO COMPEL THE DEBTOR TO ASSUME OR REJECT THE LEASE OR ALTERNATIVELY TO GRANT ADEQUATE PROTECTION**

Creditor Porsche Financial Services, Inc. ("Porsche Financial") by its undersigned counsel, hereby submits this Motion of Creditor Porsche Financial Services, Inc. for Entry of an Order To Compel the Debtor to Assume or Reject the Lease Or Alternatively To Grant Adequate Protection (the "Motion"). In support of the Motion, Porsche Financial respectfully represents as follows:

## SUMMARY OF REQUESTED RELIEF

Porsche Financial seeks an order of the Court compelling the Debtor to immediately assume or reject its lease agreement with Porsche Financial. If Debtor rejects the lease agreement, Porsche Financial requests that the Debtor be ordered to turnover the vehicle in question within five days of the Debtor rejecting the lease agreement. In the alternative, if the Court should not order that Debtor immediately

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 1
4851-2535-8085\1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

assume or reject the leas agreement, or if Debtor assumes the lease agreement, Porsche Financial seeks an order of the Court granting adequate protection of Porsche Financial's ownership interest in the vehicle that is the subject of the lease agreement.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409.

## BACKGROUND

On March 28, 2009, the Debtor and Carrera Motors entered into a Motor Vehicle Lease Agreement (the "Lease") for a 2009 Porsche Cayenne GTS, Vehicle Identification Number WP1AD29P89LA61806 (the "Vehicle"). A true and correct copy of the Lease is attached as Exhibit A to the Declaration of Stephanie Dubois, filed and served in support of this Motion ("Dubois Decl."). Also on March 28, 2009, Carrera Motors assigned its rights and interest under the Lease to Porsche Financial pursuant to the Lease and the Porsche Financial Services, Inc. – Dealer Agreement. Dubois Decl. ¶ 1.

John M. Shumate signed the Lease on behalf of Debtor, and indicated on the Lease that the Vehicle was leased primarily for personal use. Dubois Decl. Ex. A. On March 28, 2009, Mr. Shumate (the "Guarantor") also executed a Guaranty in favor of Carrera Motors pursuant to which he unconditionally guaranteed the payment and performance by the Debtor of the Lease. A true and correct copy of the Guaranty is attached as Exhibit B to the Dubois Declaration.

On September 9, 2009 (the "Petition Date"), the Debtor commenced its reorganization case by filing a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Bankruptcy Court for the Eastern District of Washington (the "Court"). No trustee or examiner has been appointed in this case.

On September 9, 2009, the Guarantor commenced his reorganization case by filing a petition for relief under chapter 11 of the Bankruptcy Code, in this Court. No trustee or examiner has been appointed in that case.

The terms of the Lease require the Debtor to make monthly payments of $1,123.82 on the twenty-eighth day of each month. Dubois Decl. ¶ 2; Ex. A. The Debtor did not timely pay its obligations under the Lease due August 28, 2009, September 28, 2009, October 28, 2009, November 28, 2009, and December 28, 2009. Id. ¶ 4.

Since the Petition Date, Debtor has made two payments with respect to its obligations under the Lease. On October 7, 2009, the Debtor paid $1,123.82 to satisfy the outstanding August 28, 2009 Lease payment (a pre-petition obligation). Dubois Decl. ¶ 5. On November 23, 2009, the Debtor paid $2,247.64 to satisfy the outsanding September 28 and October 28 Lease payments. Id. The Debtor has made no further payments since November 23, 2009. Id. Therefore, the November 28 and December 28 Lease payments are due and owing in the amount of $2,247.64, plus Porsche Financial's reasonable attorneys' fees and other fees pursuant to the express terms of the Lease. Id. Furthermore, because Debtor is in default on the Lease, the terms of the Lease require Debtor to accelarate the payment of all "Base Monthly Payments," meaning that Debtor owes Porsche Financial an additional $29,219.32 in accelarated monthly payments plus the Residual Value of the Vehicle ($42,159). Id. ¶ 6. In summary, Debtor currently owes Porsche Financial $73,625.96 plus Porsche Financial's reasonable attorneys' fees and other fees pursuant to the express terms of the Lease. Id. ¶¶ 5-6.

The Debtor has breached and continues to breach its post-petition obligations under the Lease. Although the Lease requires the Debtor to maintain insurance on the

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Vehicle, Porsche Financial has no knowledge as to whether the Debtor has maintained such insurance. Dubois Decl. ¶ 8. Counsel has requested evidence of insurance, but has not been provided such evidence. The Vehicle is a valuable asset, with a Kelly Blue Book trade-in valuation of $68,275 as of November 6, 2009. Dubois Decl. Ex. C.

Prior to the filing of this Motion, Porsche Financial made several attempts to negotiate an assumption of the Lease. However, the parties have been unable to reach an agreement.

## RELIEF REQUESTED

**The Court Should Compel the Debtor to Immediately Assume or Reject the Lease**

Through this Motion, Porsche Financial requests, among other things, that the Court enter an order compelling the Debtor to immediately assume or reject the Lease. While the Bankruptcy Code permits Chapter 11 debtors to assume or reject certain unexpired leases and executory contracts through the date of plan confirmation, the bankruptcy court is vested with broad discretion to establish an earlier deadline:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan *but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.*

11 U.S.C. § 365(d)(2) (emphasis added). Similarly, under 11 U.S.C. § 105(d)(2), the Court is empowered to issue various kinds of orders, including an order that "sets the date by which the trustee [or debtor in possession] must assume or reject an executory contract or unexpired lease." 11 U.S.C. § 105(d)(2)(A).

Accordingly, a party experiencing harm by virtue of a debtor's delayed determination may request that the court order an accelerated decision. *See Memphis-*

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Shelby County Airport Authority v. Braniff Airways, Inc. (In the Matter of Braniff Airways, Inc.)*, 783 F.2d 1283, 1285 (5th Cir. 1986) ("The typical remedy for a party to an unexpired lease who is suffering economic losses as a result of a bankruptcy is to move for an order compelling the bankruptcy trustee to assume or reject the lease within a certain time period pursuant to section 365(d)(2) of the Bankruptcy Code.").

The Code provides no guidance for deciding whether an accelerated determination is appropriate and a court may properly examine the interests of the *non-debtor* party in ordering a debtor to assume or reject on an accelerated basis:

> A nondebtor party to an executory contract can file a motion with the court and request the entry of an order compelling the debtor to make its decision prior to plan confirmation. Section 365(d)(2) does not establish express standards by which the determination to compel assumption or rejection prior to plan confirmation is to be made. In making this determination, the court does not abuse its discretion by considering the interests of the nondebtor party pending the debtor's decision to assume or reject.

*In re Kmart Corporation*, 290 B.R. 614, 619 (Bankr. N.D. Ill. 2003) (citations omitted). As the Court noted in *Matter of Dunes Casino Hotel*:

> In determining what constitutes a reasonable time within which a debtor should assume or reject a contract, the court should consider a number of factors, including: "The nature of the interests at stake, the balance of the hurt to the litigants, the good to be achieved, the safeguards afforded those litigants, and whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary."

63 B.R. 939, 949 (D.N.J. 1986) (*citing In re GHR Energy Corp.*, 41 B.R. 668, 676 (Bankr. D. Mass. 1984), *quoting In re Midtown Skating Corp.*, 3 B.R. 194, 198 (Bankr. S.D.N.Y. 1980)).

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

In the instant case, the factors weigh in favor of an order setting a short time within which the Debtor should assume or reject the Lease. With each passing month, the Debtor falls further and further behind on the payments due under the Lease. Efforts to negotiate with the Debtor have come to a stand-still, while Porsche Financial continues to lose money and other bargained-for rights under the Lease.

Furthermore, and perhaps most importantly, under the terms of the Lease, the Debtor is required to provide motor vehicle insurance for the Vehicle. Porsche Financial has no knowledge as to whether the Debtor maintains this insurance. In addition to the wear and tear that is depreciating the Vehicle on a daily basis, a failure to maintain insurance puts Porsche Financial at risk of losing the entire value of the Vehicle in the event of theft or an automobile accident. Allowing the Debtor to delay in its decision as to whether to assume or reject the Lease only increases the risk that the value of the Vehicle will be lost to Porsche Financial in the interim.

In the event the Debtor decides to reject the Lease, Porsche Financial seeks an order requiring the Debtor to surrender the Vehicle to Porsche Financial within five days of the date of decision to reject the Lease.

**Alternatively, the Court Should Order the Debtor to Provide Adequate Protection to Porsche Financial**

Bankruptcy Code Section 363(e) provides that upon request of an entity that has an interest in property used by the Debtor, the Court shall prohibit or condition the Debtor's use of property to provide adequate protection for that entity's interest. In the event this Court declines to order Debtor to immediately reject or assume the Lease, or in the event that Debtor decides to assume the Lease, Porsche Financial respectfully requests adequate protection.

Although the term "adequate protection" is not defined in the Bankruptcy Code, Section 361 provides a non-exclusive list of how it may be provided when it is required.

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 6

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Specifically, Section 361 states that when adequate protection is required, it may be provided by:

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing such entity an additional or replacement lien, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowance under section 503(b)(1) of this title as an administrative claim, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361. As noted in *Southtrust Mobile Services, Inc. v. Englebert*, 137 B.R. 975, 983 (N.D. Ala. 1992), "'adequate protection' requires that the secured party be guaranteed that it timely realize the indubitable equivalent of its interest, meaning the whole of its bargained-for rights." *Id.*

The Debtor has had unfettered use, possession, and control of the Vehicle since the Petition Date and has failed to pay for that use despite its obligations under the Lease. Porsche Financial cannot determine the Vehicle's condition and can only assume that both its condition and corresponding value are declining. Because the Debtor has not provided evidence of insurance to Porsche Financial, Porsche Financial has no guarantee that it will ever realize the value of the Vehicle or the Vehicle itself.

Porsche Financial submits that it is entitled to adequate protection of its ownership interest in the Vehicle pursuant to Sections 361 and 363(e) of the Code. Porsche

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 7

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Financial further submits that the Debtor should immediately provide evidence of insurance in accordance with the terms of the Lease. Porsche Financial further requests that the Debtor pay not less than the lease rate under the Lease, commencing as of the Petition Date, for the continued use and possession of the Vehicle as such lease rate, coupled with the insurance on the vehicle, provides Porsche Financial with the full measure of its bargained-for rights under the Lease.

## CONCLUSION

WHEREFORE, Porsche Financial respectfully requests that this Court enter an Order compelling the Debtor to assume or reject the Lease. In the alternative, Porsche Financial requests and Order granting adequate protection of Porsche Financial's ownership interest in the Vehicle.

Dated: December 31, 2009

/s/ Robert M. Crowley
Robert M. Crowley (WSBA #37953)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206-903-8800
Facsimile: (206) 903-8820

Attorneys for Porsche Financial Services, Inc.

Motion For Order Compelling the Debtor to Assume or
Reject the Lease or Alternatively Granting Adequate Protection - 8

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Robert M. Crowley (WSBA #37953)
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
crowley.robert@dorsey.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SHUMATE SPOKANE, LLC,<br><br>Debtor. | CASE NO. 09-05081(FLK)<br><br>**(PROPOSED) ORDER GRANTING MOTION OF CREDITOR PORSCHE FINANCIAL SERVICES, INC. FOR ENTRY OF AN ORDER TO COMPEL THE DEBTOR TO ASSUME OR REJECT THE LEASE OR ALTERNATIVELY GRANTING ADEQUATE PROTECTION** |

This matter coming on to be heard upon the motion of creditor Porsche Financial Services, Inc. ("Porsche Financial") for an Order Compelling the Debtor to Assume or Reject the Lease or Alternatively Granting Adequate Protection (the "<u>Motion</u>"), as well as any opposition to the Motion, and the Court having considered the same,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted;

2. The Debtor must either assume or reject the Lease on or before January 26, 2010 (the "Assumption Deadline").

3. The Lease is deemed rejected if the Debtor does not either assume or reject the Lease on or before the Assumption Deadline.

(PROPOSED) Order Compelling Assumption or Reject of Lease
or Alternatively Granting Adequate Protection - 1 -
4816-6957-9269\1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

5.  In the event the Debtor rejects the Lease or the Lease is deemed rejected, the Debtor is directed to voluntarily surrender the Vehicle Porsche of Spokane, 21702 E. George Gee Avenue, Liberty Lake, WA 99019, or at such place as agreed to by the Debtor and Porsche Financial Services, Inc., within five (5) days of the date that the Debtor rejects the lease or within five (5) days of the Assumption Deadline if the Lease is deemed rejected, whichever date is earlier.

4.  In the event the Debtor assumes the Lease, the applicable cure amount is $2,247.64 plus Porsche Financial's reasonable attorney's fees and other fees as expressly provided in the Lease, which cure amount must be paid in available funds to Porsche Financial on or before the Assumption Deadline. In the event the Debtor assumes the Lease, the Debtor shall, on or before the Assumption Deadline, provide to Porsche Financial evidence of insurance on the Vehicle in accordance with the terms of the Lease.

Date: _____ __, 2010.

_____
THE HONORABLE FRANK L. KURTZ
UNITED STATES BANKRUPTCY JUDGE

(PROPOSED) Order Compelling Assumption or Reject of Lease
or Alternatively Granting Adequate Protection       - 2 -

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820