NANCY L. ISSERLIS, WSBA No. 11623
DAVID P. GARDNER, WSBA No. 39331
WINSTON & CASHATT
601 W. Riverside Avenue, Suite 1900
Spokane, WA 99201
Telephone: (509) 838-6131
Facsimile: (509) 838-1416

Attorneys for Harley-Davidson Motor Company, Inc.
and Buell Distribution Company, LLC

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SHUMATE TRI-CITY, LLC; AND,<br><br>SHUMATE SPOKANE, LLC,<br><br>                Debtors, | Bankruptcy Case Nos: 09-05080-FLK11 and<br>09-05081-FLK11<br><br>**OBJECTION TO MOTIONS FOR ORDERS APPROVING BID PROCEDURES AND RELATED RELIEF** |

Harley-Davidson Motor Company, Inc. ("HDMC"), by and through its counsel, Nancy L. Isserlis of Winston & Cashatt and Peter J. Stone of Foley & Lardner LLP, hereby objects to the motion filed by the debtor in each of these bankruptcy cases for an order approving bid procedures and related relief.

Shumate Tri-City, LLC ("Shumate Tri-City") and Shumate Spokane, LLC ("Shumate Spokane") are each authorized Harley-Davidson dealers, and their relationships with HDMC are governed by separate Motorcycle Dealer Contracts

OBJECTION TO MOTIONS FOR ORDERS
Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

("Dealer Contract"). Each Dealer Contract confirms both HDMC's right to approve or disapprove any proposed ownership or management changes and that HDMC will not unreasonably refuse to approve a proposed change.

Shumate Tri-City and Shumate Spokane each entered into an Asset Purchase Agreement with Ride Now Properties, LLC ("Ride Now") to sell their principal assets to Ride Now or an assignee. Each Asset Purchase Agreement makes clear that among the conditions of any sale are that HDMC first approve the transaction and agree to issue a new dealer contract to the purchaser and that the seller surrender its current Dealer Contract with HDMC. In this respect, each Asset Purchase Agreement is consistent with the Court's December 23, 2009 Order approving the debtor's employment of a broker, in which the Court stated: "It is further ordered that, in addition to approval of the Bankruptcy Court, any sale of the assets or ownership of Shumate Spokane, LLC or Shumate Tri-City, LLC is subject to the prior written approval of Harley-Davidson Motor Company."

Shumate Tri-City and Shumate Spokane have each filed motions asking this Court for approval to sell their dealership assets to Ride Now, as a stalking horse, or to another successful bidder at an auction. Each motion specifically acknowledges that prior approval by HDMC is a condition precedent to the proposed sale and requests permission to terminate each Dealer Contract upon final

OBJECTION TO MOTIONS FOR ORDERS
Page 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

approval of the sale by HDMC and execution of a replacement dealer contract with the approved buyer.

It typically takes HDMC 30–60 days to decide whether to approve or disapprove a proposed sale, including the completion of background and credit checks on the proposed owners and operators, analysis of the purchase agreements, review of the buyer's financial statements and business plans, and confirmation of compliance with all of HDMC's applicable policies. Because of the bankruptcies of each dealer and HDMC's desire to be represented in the Tri-City and Spokane markets, HDMC has advised Shumate Tri-City and Shumate Spokane that it will do what it can to expedite its reviews. In fact, HDMC has agreed to either conditionally approve or disapprove each proposed transaction within 30 days[1] of receipt of the buyers' applications, financial statements and other required information. HDMC has also agreed that if a letter of intent ("LOI") conditionally approving a proposed sale to Ride Now is issued, it would be appropriate to then hold an auction, recognizing that final completion of a sale and execution of a contract with a new dealer will be subject to satisfaction of all of the conditions of the LOI. Unfortunately, the bid procedures motions filed by Shumate Tri-City and

[1] RCW 49.93.180 provides that a manufacturer may have 60 days from receipt of required information from the selling dealer and proposed buyer within which to decide whether it will consent to a proposed sale.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Shumate Spokane fail to recognize this necessary process; therefore, HDMC objects to the motions.

There are a wide variety of issues that are addressed by HDMC when it issues a letter of intent conditionally approving a proposed sale, some of which may be substantive and some of which are more procedural in nature. The LOI conditions will vary on a case-by-case basis, with some conditions necessary to assure the buyer's compliance with the terms of the new dealer contract and with others depending upon such things as the proposed structure and timing of the sale and on the financial and other qualifications of the buyers (which can't be assessed until HDMC receives the buyers' complete applications and financial statements and there has been an opportunity to confer with the buyers to discuss their plans). Among the things that are often addressed in a LOI are: the required initial capitalization of the dealership, including operating cash on hand; facility issues, including the need for an executed lease and the potential need for improvements; proof of adequate insurance; a dealer license from the state; attendance at a new dealer orientation program; initial orders and inventory requirements; service related forms and issues; appropriate entity and *dba* names; confirmation of the ownership structure and, in some cases such as here, the need for a separate multiple dealership agreement; confirmation of a qualified onsite dealer operator; succession planning; the establishment of sufficient floor plans; etc. Typically, if a

OBJECTION TO MOTIONS FOR ORDERS
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

LOI is issued and the buyer is motivated, the conditions set forth in the LOI can be promptly addressed.

HDMC requests a hearing on its objections as soon as possible.

Dated this 8th day of March, 2010.

**WINSTON & CASHATT**

By: /s/ Nancy L. Isserlis
Nancy L. Isserlis
David P. Gardner
Attorneys for Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC
1900 Bank of America Building
601 W. Riverside
Spokane, WA 99201
509.838.6131
509.838.1416 (fax)
nli@winstoncashatt.com

**FOLEY & LARDNER LLP**

By: /s/ Peter J. Stone
Peter J. Stone (Pro Hac Vice Counsel)
Katherine M. Longley (Proposed Pro Hac Vice Counsel)
**FOLEY & LARDNER LLP**
Attorneys for Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.297.5549 (PJS)

OBJECTION TO MOTIONS FOR ORDERS
Page 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

pstone@foley.com
414.297.5540 (KML)
klongley@foley.com
414.297.4900 (fax)

OBJECTION TO MOTIONS FOR ORDERS
Page 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131