Anthony E. Grabicki
RANDALL | DANSKIN
601 West Riverside Avenue, Suite 1500
Spokane, Washington 99201
Telephone: (509) 747-2052

Attorneys for Seven Oaks Motor Sports, LLC
and Port Bagnell Motor Sports, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re. . . SHUMATE SPOKANE, LLC, Debtor. | Case No. 09-05081-FLK11<br><br>ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, ENCUMBRANCES, AND INTERESTS AND GRANTING OTHER RELIEF |
|---|---|

THIS MATTER having come on regularly before this court for hearing on June 8, 2010 on the debtor's Amended Motion: (1) to Sell Certain Assets to a Stalking Horse or other Successful Bidder at Auction Free and Clear of Liens, Claims, Interests, and Encumbrances pursuant to 11 U.S.C. §363(f); (2) to Assume and Assign Certain Leases in Connection with the Sale pursuant to 11 U.S.C. §365; (3) to Terminate that Certain Dealership Agreement pursuant to 11 U.S.C. §363; and (4) for Related Relief filed under Docket No. 313 (hereinafter referred to as "the Sale Motion"), and the court having listened to the presentations and arguments of counsel made at the hearing and at the hearing on June 7, 2010 , and it appearing to the court that an earlier version of this order was approved by the debtor, represented by David E. Eash and Ewing Anderson, P.S., by the purchasing party, Port Bagnell Motor Sports, LLC represented by Anthony E. Grabicki and Randall | Danskin, and by objecting parties Harley-Davidson Credit Corporation represented by Jed Morris and Lukins & Annis, P.S. and by GE Capital Franchise Finance Corporation represented by Shelley Ripley and Witherspoon, Kelley,

Davenport & Toole, P.S., and by Jeffrey T. Wegner of Kutak Rock LLP, and the court noting that no other parties have objected to the sale other than Mark Hoff who has withdrawn his objection and the State of Washington has also withdrawn its objection to the sale , and the court being otherwise fully advised, and having reviewed the Sale Motion, the evidence, and the arguments of counsel presented at the hearings, and the court finding that the relief requested in the Sale Motion is in the best interest of the debtor's bankruptcy estate and its creditors and therefore should be granted except as modified in Paragraph 21 of this order.

Accordingly, the court enters the following findings of fact and conclusions of law:

1. The court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §157 and 1334.

2. The debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 9, 2009.

3. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N), and (O). Venue is proper in this court under 28 U.S.C. §1408 and §1409.

4. On or about April 30, 2010 the debtor served the Sale Motion seeking among other things:

a. authority to sell the purchased assets free and clear of all liens and interests for a purchase price of $3,175,000 and other consideration.

b. approval of the assumption and assignment or rejection of certain of its executory contracts.

c. and certain other relief pursuant to the terms of the Asset Purchase Agreement (hereinafter "APA") dated April 6, 2010 which was attached as an exhibit to the Sale Motion filed under Docket No. 313.

As evidenced by the Certificates of Service previously filed with the court, the debtor timely served the Sale Motion pursuant to the terms of the Bid Procedures Order entered on April 14, 2010 under Docket No. 297. The debtor provided appropriate and adequate notice of the sale to all general unsecured creditors and other parties in interest.

5. Notice of the Sale Motion was adequate, sufficient, and proper under the circumstances and no further notice of the Sale Motion is necessary.



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

6. A reasonable opportunity to object or to be heard regarding the requested relief has been afforded to all creditors and other parties in interest. The only remaining objecting parties to the Sale Motion, Harley-Davidson Credit Corporation, and GE Capital Franchise Financial Services Corporation have each agreed to the entry of this order. Mr. Hoff has withdrawn his objection based on the representation by the purchaser, Port Bagnell Motor Sports, LLC, that his claim in the amount of $795.64 will be paid in full by it.

7. Pursuant to the terms of the Bid Procedures Order, May 14, 2010 at 5:00 p.m. Pacific Standard Time was established as the last day for persons to seek to submit an overbid for the purchased assets that are subject to the Sale Motion. No overbids have been submitted or received.

8. As demonstrated by the testimony provided at the various hearings during this case and/or other evidence offered by the debtor and other parties in support of the Sale Motion and the representations of counsel that have been made on the record at various hearings, the debtor has extensively marketed the purchased assets and conducted the sales process for many months in a commercially reasonable manner.

9. Seven Oaks Motor Sports, LLC was the original stalking horse bidder that signed the APA that is before this court for consideration and approval. On the advice of the purchaser's counsel, a separate Washington limited liability company known as Port Bagnell Motor Sports, LLC was formed by the purchaser to acquire title to the assets subject to the APA. Port Bagnell Motor Sports, LLC has the same owners as Seven Oaks Motor Sports, LLC. Seven Oaks Motor Sports, LLC has assigned all of its rights under the APA to Port Bagnell Motor Sports, LLC and therefore Port Bagnell Motor Sports, LLC will be the purchaser approved by this order.

10. Port Bagnell Motor Sports, LLC should be approved as the purchaser of the purchased assets. Approval of the APA that was submitted with the Sale Motion and the consummation of the sale of the purchased assets at this time are in the best interests of the debtor's estate and its creditors. The debtor has presented good and sufficient business justification for the sale of the purchased assets pursuant to §363 of the Bankruptcy Code and



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

the assumption or assignment of the assumed contract and the rejection of any executory contracts.

11. The debtor is authorized to consummate and carry out the transactions described in the Sale Motion and the APA and to undertake the obligations and to make all disbursements required by the APA and this order and other matters imposed therein and the sale of the purchased assets to Port Bagnell Motor Sports, LLC are determined and deemed to be free and clear of all liens and encumbrances whatsoever.

12. The APA is conditioned on the debtor's delivery at closing of the purchased assets free and clear of all liens pursuant to Bankruptcy Code §363(f) except for the assumed liabilities.

13. Port Bagnell Motor Sports, LLC's obligations to consummate the transactions contemplated in the APA are subject to the specific conditions set forth therein including bankruptcy court approval.

14. The APA was negotiated, proposed, and entered into by the debtor and Seven Oaks Motor Sports, LLC and its successor, Port Bagnell Motor Sports, LLC, without collusion, in good faith, and as a result of arms length bargaining and for fair value with the parties represented by independent counsel. Neither the debtor or Seven Oaks Motor Sports, LLC, or Port Bagnell Motor Sports, LLC has engaged in any conduct that would cause or prevent the APA to be avoided under the Bankruptcy Code.

15. Seven Oaks Motor Sports, LLC's successor, Port Bagnell Motor Sports, LLC, is a good faith purchaser of the purchased assets and is entitled to all of the protections afforded to good faith purchasers under the Bankruptcy Code. Port Bagnell Motor Sports, LLC is a good faith purchaser for value of the purchased assets without notice of any avoidable transaction relating thereto within the meaning of §550(b)(1) of the Bankruptcy Code.

16. The purchase price of $3,175,000 and other consideration provided by Port Bagnell Motor Sports, LLC for the purchased assets pursuant to the APA is:

a. Fair and reasonable.

b. Is the highest and best offer for the purchased assets at this time.



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

c. Will provide a greater recovery for the debtor's creditors than would be provided by any other practical available alternative.

d. Constitutes reasonably equivalent value and fair consideration under applicable federal and state law.

e. Is the only viable offer for the debtor's assets. If this offer and APA are not approved by the court, it is likely that secured creditors such as Harley-Davidson Credit Corporation and GE Capital Franchise Financial Services Corporation will move forward with motions for relief from stay and will take all other actions necessary to realize on their collateral. George Latus, the present owner and landlord of the business premises recently took possession of the debtor's former business premises at 6815 East Trent Avenue in Spokane pursuant to an earlier order of this court. Thus, if this Sale Motion is not approved by the court, liquidation of the debtor by its secured creditors realizing on their collateral will likely occur which will result in creditors receiving far less than if this Sale Motion were approved.

f. Failing to approve this sale and the APA will cause a loss of substantial value to the creditors of the estate.

g. The purchaser, Port Bagnell Motors Sports, LLC, has made it clear that the APA and sale will be terminated unless the sale is promptly approved by the court. There is no time available for a Chapter 11 plan to be prepared, filed, and confirmed which would take a number of months to complete.

17. Port Bagnell Motor Sports, LLC would not have entered into the APA and will not consummate the transactions contemplated in that agreement thus adversely affecting the bankruptcy estate and its creditors if the sale of the purchased assets and the assignment of the assumed contracts and assumed liabilities were not free and clear of all liens or if Port Bagnell Motor Sports, LLC would, or in the future, could be liable for any of the liens, including without limitation the excluded liabilities. The existing dealership agreements between the debtor and Harley–Davidson Motor Company, Inc. must be terminated in accordance with the provisions of the APA so that Port Bagnell Motor Sports, LLC can enter into a new dealership agreement with Harley-Davidson Motor Company, Inc.



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

18. The debtor may sell the purchased assets free and clear of all liens and encumbrances because one or more of the standards set forth in 11 U.S.C. §363(f) has been satisfied. The holders of liens have consented to the sale either because they explicitly consented to the sale or they were provided notice of the proposed sale through the Sale Motion and did not object, or withdrew their objections to the sale, in accordance with 11 U.S.C. §363(f)(2). The holders of any liens which did object to one or more of the other subsections of 11 U.S.C. §363(f) in each case are adequately protected by having their interests, if any, attach to the cash proceeds of sale, in the same nature, extent, validity, and priority as the liens were attributable to the property against or in which they claim an interest. There is no just reason to delay closing of the sale to Port Bagnell Motor Sports, LLC.

19. Having made the above findings and conclusions, provided the sale results in the distributions required under Paragraph 21 hereof being made, the court hereby approves the debtor's Sale Motion and grants all the relief requested therein. The debtor is authorized to consummate the sale with Port Bagnell Motor Sports, LLC pursuant to the terms of the APA and addendums and to otherwise fully consummate and carry out the terms of that contract. Pursuant to the Bankruptcy Code and without further court order, this sale is free and clear of all liens and encumbrances and Port Bagnell Motor Sports, LLC should not be considered as a successor in interest in any respect to the debtor as a result of this sales transaction. The Harley-Davidson Motor Company Motorcycle Dealer Contract and all other dealership agreements between the debtor and Harley-Davidson Motor Company, Inc. are terminated and deemed rejected.

20. The law firm of Feltman, Gebhardt, Greer & Zeimantz, P.S. has been appointed by the parties as closing agent to process this particular sales transaction. The closing agent is authorized to make all disbursements required or authorized under the terms of the APA including all normal and ordinary costs of sale including the closing agent's fee and all other obligations required under the terms of the APA including the broker's commission to Sunbelt Power Motor Sports which has agreed to accept the sum of $120,000.00 as its commission on this sale.



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

21. The closing agent is specifically authorized and directed to disburse at closing the sum of $1,980,921 to Harley-Davidson Credit Corporation in payment on its secured claim (less the $33,333 carve out and surcharge provided below) and this payoff figure shall remain acceptable to Harley Davidson without further interest or other charges as long as this sum is received prior to June 30, 2010. The closing agent is further directed to pay the sum of $400,000 to GE Capital Franchise Finance Corporation (less the $33,333 carve out and surcharge described below) on account of its secured claim. The closing agent is also further directed to establish a $50,000 holdback pursuant to the terms of the APA which will be used to pay those obligations set forth in the APA. Harley-Davidson Credit Corporation and GE Capital Franchise Finance have each agreed that the sum of $33,333 will be carved out of sums that would otherwise be paid to them at closing for the purposes set forth below. The purchaser Port Bagnell Motor Sports LLC has also agreed to pay into closing an additional $33,333 for such purposes. These carve outs and contribution of purchaser Port Bagnell Motor Sports LLC, totaling $100,000, shall constitute a surcharge pursuant to 11USC §506(c) as reasonable and necessary costs and expenses of disposing of the collateral that benefitted the two secured creditors through the sale process. The debtor, Tri Cities Shumate, LLC, and Michial Shumate all agree to return any Snap On equipment, tools, or other collateral in their possession or control to Port Bagnell Motor Sports, LLC within 7 days of the entry of this order. Port Bagnell Motor Sports LLC further agrees to waive its right to an additional $334,000 price reduction authorized by Paragraph 3.2 (b) (4) of the APA which requires a reduction for any amounts paid at closing by the purchaser for open accounts parts and accessories invoices owed to Harley-Davidson. Port Bagnell Motor Sports further agrees to negotiate an acceptable arrangement with Snap On Tools regarding its security interest or lease interest in certain tools and equipment or to return all of the collateral to Snap On Tools if no such arrangement can be negotiated. Any such arrangement with Snap On Tools shall have no effect on the approved purchase price. Harley –Davidson Credit Corporation retains a claim for a deficiency for the $33,333 it has agreed to allow as an administrative expense surcharge under §506(c). All remaining net proceeds shall be paid to the trust account of Ewing Anderson P.S. subject to



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052

further order of this court. The court will resolve at a future time all administrative expense, Section 506(c) surcharge, and other claims against these proceeds.

22. The stay as imposed by Rules 6004(g) and 6006(d) are lifted and the parties are authorized to hold the closing as soon as possible except as otherwise provided by the APA.

Presented by:

RANDALL | DANSKIN

By: /s/ Anthony E. Grabicki
Anthony E. Grabicki, WSBA #9119
Attorneys for Seven Oaks Motor Sports, LLC and Port Bagnell Motor Sports, LLC

33466/Order Approving Sale-Final-2-6.8.10

Frank L. Kurtz
Bankruptcy Judge

06/10/2010 09:02:13



RANDALL | DANSKIN
A PROFESSIONAL SERVICE CORPORATION
1500 SEAFIRST FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0653
(509) 747-2052